IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JOHN SUMNER, JR.,** ) | |
| ) | |
| Plaintiff, ) | Civil No. **08-651-WDS-CJP** |
| ) | |
| v. ) | CJRA Track: **B** |
| ) | |
| **THE AMERICAN COAL COMPANY,** ) | Presumptive Trial Month: |
| ) | **February, 2010** |
| Defendant. ) | |

## ORDER

**PROUD, Magistrate Judge:**

Before the Court are defendant's Emergency Motion to Strike Late Disclosures and Second Emergency Motion to Strike an Additional Late Disclosure. **(Docs. 17 & 19)**. Plaintiff responded to the first motion at **Doc. 18**. The second motion was filed yesterday; as the matter is time-sensitive, the Court will not await a response, but will assume that plaintiff's response to the second motion would be similar to his response to the first.

Plaintiff is suing his former employer, claiming that defendant terminated him in retaliation for making a worker's compensation claim. Plaintiff alleges that he was injured on the job on April 29, 2008, and that he was fired on May 9, 2008.

Defendant moves the Court to strike plaintiff's disclosures of three expert witnesses. On August 29, 2009, plaintiff served a Rule 26(a)(2) disclosure which identified Joel Dunham to testify regarding plaintiff's economic damages. The cover letter which accompanied the disclosure stated that plaintiff's counsel also intended to disclose John Boget, who treated plaintiff for depression. **See, Doc. 18, Ex. 3**. Then, on September 16, 2009, plaintiff formally disclosed John Boget, LCSW, to testify regarding his treatment of plaintiff for post-traumatic

stress disorder and emotional distress related to plaintiff's injury and termination. On October 2, 2009, plaintiff disclosed an additional expert, Physician Assistant Tim Coogan, to testify regarding his treatment of plaintiff for post-traumatic stress disorder and depression.

Defendant characterizes these disclosures as being late. However, the picture is more complicated. The original scheduling order was amended on plaintiff's motion. The current scheduling order, **Doc. 16**, requires that all discovery be completed by October 8, 2009. That order also directs that "The parties shall confer and agree upon a schedule for the disclosure and depositions of expert witnesses which shall be completed no later than **October 8, 2009.**"

Despite the clear direction to do so, the parties failed to set a schedule for expert witness discovery, which means that the only discovery deadline is the date for the completion of all discovery. Plaintiff takes the position that his disclosures are not late because they were made well before the discovery deadline, while defendant complains that it is left without enough time to depose plaintiff's experts and, if necessary, disclose its own experts. This is, of course, the precise reason why the parties should have followed the Court's direction and set a schedule for the disclosure and depositions of expert witnesses.

Since no earlier date for disclosure was set by the parties, the Court does not regard plaintiff's disclosures are being late. The situation was created by the parties, and does not present good cause to upset the trial calendar.

For good cause shown, and after consultation with Judge Stiehl, defendant's Emergency Motion to Strike Late Disclosures and Second Emergency Motion to Strike an Additional Late Disclosure **(Docs. 17 & 19)** are **DENIED** in all respects, except that the deadline for completion of all discovery is extended to **November 15, 2009**, and the deadline for filing dispositive

motions is extended to **November 30, 2009.**  All other dates remain as set in the current scheduling order, **Doc. 16.**

    **IT IS SO ORDERED.**

    **DATED:   October 6, 2009.**


                                                        **s/ Clifford J. Proud**
                                                      **CLIFFORD J. PROUD**
                                                      **UNITED STATES MAGISTRATE JUDGE**